**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:09cv262**

| | | |
|---|---|---|
| IN RE WACHOVIA CORPORATION | ) | |
| ERISA LITIGATION | ) | |
| | ) | |
| | ) | **FINAL ORDER** |
| | ) | **APPROVING CLASS** |
| THIS DOCUMENT RELATES TO: | ) | **ACTION SETTLEMENT** |
| ALL ACTIONS | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Final

Approval of ERISA Class Action Settlement, for Settlement Class Certification,

and for Approval of Plan of Allocation [Doc. 163] and Class Members'

Objections [Docs. 159, 160, 161, 167, 171] to the proposed Settlement.

This Action[1] involves claims for alleged violations of the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, <u>et

seq.</u> ("ERISA"), with respect to the Wachovia Savings Plan and the A.G.

Edwards, Inc. Retirement and Profit Sharing Plan (collectively, "the Plans"),

which are defined contribution plans intended to satisfy the requirements of

Section 401 of the Internal Revenue Code.  Specifically, the Plaintiffs Todd A.

Wright, Alan A. Hardman, Richard F. Dziak, David W. Allen, Robert M.

---

[1]All capitalized terms used in this Order and not defined herein shall have the
meanings assigned to them in the Settlement Agreement [Doc. 154-2, amended by
Docs. 155, 172].

Cominsky, Rose Hansen, Denise A. Tuttle, and Jerry R. Kelley, Jr. ("the Named Plaintiffs"), on behalf of themselves and other participants and beneficiaries of the Plans, claimed that the Defendants breached their fiduciary duties to act solely in the interest of the participants and beneficiaries of the Plans, and to exercise the required skill, care, prudence, and diligence in administering the Plans and the Plans' assets.[2]

On October 12, 2009, the Defendants moved to dismiss the Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On August 6, 2010, the Court granted the Defendants' Motion and dismissed the Complaint. [Docs. 144, 145]. The Plaintiffs filed a timely Notice of Appeal. [Doc. 146].

While this matter was pending on appeal, the parties entered into a settlement agreement. On December 17, 2010, upon motion of the parties, the Fourth Circuit Court of Appeals remanded the action to this Court for the purpose of conducting settlement proceedings. [Doc. 149].

---

[2]This lawsuit originated as eight putative class actions filed in June 2008 against the Defendants in the District Court for the Southern District of New York. These actions were consolidated pursuant to an August 13, 2008 Order issued by the Honorable Naomi Reice Buchwald, United States District Judge. On June 18, 2009, Judge Buchwald transferred the consolidated action to this Court. [See Doc. 1]. Pursuant to this Court's September 3, 2009 Order, the Plaintiffs filed a Consolidated Complaint on September 18, 2009. [Consolidated Complaint ("Complaint"), Doc. 104].

2

On February 11, 2011, the Plaintiffs filed a motion seeking preliminary approval of the parties' Class Action Settlement Agreement ("Settlement Agreement"). On February 25, 2011, the Court held a hearing at which it preliminarily considered the Settlement to determine, among other things, whether it warranted the issuance of notice to members of the Settlement Class. On March 2, 2011, the Court entered a Preliminary Approval Order which, among other things, preliminarily certified the Settlement Class; preliminarily appointed the Named Plaintiffs as Class Representatives for the Settlement Class; appointed Keller Rohrback, L.L.P. as Class Counsel and Wyatt & Blake, L.L.P., as Local Counsel for the Settlement Class; scheduled a fairness hearing for August 25, 2011; directed Class Counsel in the manner in which to provide notice to the members of the Settlement Class; and provided deadlines for the filing of further motions as well as objections to the Settlement Agreement. [Doc. 156].

On July 12, 2011, the Plaintiffs filed a motion for final approval of the Settlement, for class certification, and for approval of the Plan of Allocation. [Doc. 163]. The Plaintiffs also filed a motion for an award of attorneys' fees

3

and expenses and for Case Contribution Awards for each of the Named Plaintiffs. [Doc. 164].[3]

Prior to the scheduled fairness hearing, the Court received objections from Jorge H. Miyares, Jr. [Doc. 159], Harvey E. Baker [Doc. 160], Lorraine Zbuchalski [Doc. 161], and John H. Loughridge, Jr. [Doc. 167]. The Court also received declarations attesting to the mailing of the Class Notice and the posting of the Internet/Publication Notice in accordance with the Preliminary Approval Order [see Docs. 162 and 165], as well as a declaration attesting to the mailing of the notices pursuant to the Class Action Fairness Act of 2005 ("CAFA") [see Doc. 165-5]. The Court further received a statement from an Independent Fiduciary [Doc. 168] regarding the reasonableness and adequacy of the Settlement.

The Court conducted a fairness hearing on August 25, 2011, at which time the Court heard the arguments of counsel for the Plaintiffs and Defendants, as well as arguments from both Objector John H. Loughridge, Jr. (who is a licensed attorney) and his counsel.

Subsequent to the fairness hearing, Mr. Loughridge filed additional objections with the Court [Doc. 171], to which the Plaintiffs responded [Doc.

---

[3]The Court addresses the Plaintiffs' motion for attorneys' fees and for case contribution awards by way of a separate Order filed simultaneously herewith.

4

173], and Mr. Loughridge replied [Doc. 174]. On September 6, 2011, the Court received a stipulation from the parties amending Section 4.1.5 of the Settlement Agreement, in response to Mr. Loughridge's objection, to include the civil actions of <u>Brown, et al. v. Thompson, et al.</u>, No. COA 11-852, and <u>Ehrenhaus v. Baker, et al.</u>, No. COA 10-1034, within the scope of claims deemed not to be released by virtue of the parties' Settlement (with the caveat that claims, if any, raised in such cases that are ERISA claims or claims preempted by ERISA, are released). [Doc. 172].

Upon careful review of the pleadings, the arguments of counsel, the Objections filed by members of the proposed Settlement Class, the Court hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

### Findings Regarding Notice

1.  The Class Notice fairly and adequately: (i) described the terms and effect of the Settlement Agreement and of the Settlement; (ii) notified the Settlement Class concerning the proposed Plan of Allocation; (iii) notified the Settlement Class that Class Counsel will seek Case Contribution Awards from the Qualified Settlement Fund in an amount not to exceed $5,000 for each Named Plaintiff and for attorneys' fees

5

not to exceed 25% of the Qualified Settlement Fund, plus reimbursement of expenses; (iv) gave notice to the Settlement Class of the time and place of the Fairness Hearing; and (v) described how the recipients of the Class Notice could object to any of the relief requested.

2.     On April 1, 2011, 159,759 copies of the Class Notice were mailed via U.S. mail to Settlement Class members.

3.     In accordance with the Court's Preliminary Approval Order, the Class Notice and Settlement Agreement were posted on www.erisafraud.com and www.kellersettlements.com.

**Findings Regarding Class Certification**

4.     With regard to the proposed Settlement Class, the Court finds that:

   a.     The Settlement Class is cohesive and well-defined;

   b.     The members of the Settlement Class are reasonably ascertainable from records kept with respect to the Plans, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

   c.     Based on the allegations in the Complaint, there exist questions of fact and law common to the Settlement Class;

6

d.   Based on the allegations in the Complaint, the claims of the Named Plaintiffs are typical of the claims of the Settlement Class;

e.   The Named Plaintiffs, by the nature of their claims, are in a position to fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Settlement Class; and (iii) Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions; and

f.   The Court further finds that: (i) the prosecution of separate actions by individual members of the Settlement Class would create a risk of (A) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action and (B) adjudications as to individual Settlement Class members that as a practical matter, would be dispositive of

7

the interests of the other Settlement Class members not parties to the adjudications or substantially impair or impede the ability of those persons to protect their interests.

**Findings Regarding The Settlement**

5.    The Parties litigated for two and a half years before entering into the Settlement.   Before reaching agreement on the Settlement, Class Counsel conducted an extensive investigation, the Parties briefed and contested a Motion to Dismiss, and the Plaintiffs filed an appeal from the Court's Order dismissing the Complaint with prejudice.  The Parties engaged in settlement discussions in a full-day mediation, which allowed the Parties to fully explore their respective factual and legal positions.

6.    The Defendants produced certain initial documents that enabled Class Counsel to determine key issues regarding the nature of the Plans and the liabilities of various Defendant fiduciaries.

7.    The Parties engaged in settlement negotiations with an experienced mediator and the terms of the Settlement Agreement were heavily negotiated.

8

8.    Class Counsel has extensive experience in handling ERISA class action cases and other complex litigation.  Additionally, Local Counsel has extensive experience in complex civil litigation matters.  Based on Class Counsel's experience and the specific facts and circumstances of this particular case, Plaintiffs' Counsel have concluded that the Settlement is fair, reasonable, and adequate.

9.    As evidenced by the vigor with which they prosecuted it and the amount of time and money they expended on a contingent basis toward that end, it appears that Class Counsel were optimistic about their ultimate success in this matter.  In light of the fact, however, that the Court dismissed the Action, and given the complex nature of ERISA litigation and the rapidly evolving jurisprudence in this area, any prediction of success is far from reliable.  Additionally, the Defendants have forcefully (and successfully) defended their actions with respect to the Plans, and have shown no hesitancy to litigate this matter fully.  Moreover, the Defendants are represented by highly experienced and competent counsel. In view of these potential obstacles to recovery against these Defendants, the Court finds the proposed Settlement of $12.35 million to be a highly favorable recovery.

10. ERISA litigation of the type presented here is a rapidly evolving and demanding area of the law. New precedents are frequently issued,[4] and the demands on counsel and the Court are complex and require the devotion of significant resources. It is not unreasonable to assume that the Defendants would continue their vigorous defense of this case through the appeal and up through trial, had the appeal been successful. The Settlement obviates that delay and restores some value to the Plans.

11. Wachovia has been acquired by Wells Fargo, which is not insolvent. There appears to be insurance coverage for the claims asserted in this case. If this case were to continue, however, Plaintiffs might face the risk of future insolvency or developments that call insurance coverage into question.

12. Class members received the best notice practicable under the circumstances, and only four class members have objected to the Settlement. The small percentage of objections reflects Class members'

---

[4]In fact, the district court case upon which the Court extensively relied in dismissing the Plaintiffs' Complaint, In re Citigroup ERISA Litigation, No. 07 Civ. 9790, 2009 WL 2762708, at *7-8 (S.D.N.Y. Aug. 31, 2009), was just recently affirmed by the Second Circuit. See In re Citigroup ERISA Litig., -- F.3d --, 2011 WL 4950368 (2d Cir. Oct. 19, 2011).

10

support for the Settlement and is compelling evidence that the Settlement is adequate.

13.   In addition to the support of the Class, the proposed Settlement has been reviewed by an independent fiduciary retained by Defendants for the express purpose of evaluating the Settlement's fairness and adequacy to the Plans and the Class members who are participants or beneficiaries of the Plans. In its report [Doc. 168], the Independent Fiduciary states that it has determined that all of the conditions of Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632 (the "Class Exemption") have been satisfied and that the Plans should participate in the Settlement and grant a release on behalf of the Plans as to all Releasees as stated in the Settlement Agreement. The independent fiduciary offers an objective and highly sophisticated perspective concerning the fairness and adequacy of the proposed Settlement. Non-opposition by the independent fiduciary is strong evidence in favor of the Settlement's adequacy.

11

14. Based on the foregoing, the Court finds that the Settlement: (i) is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) is fair, reasonable, and adequate; (iii) has no obvious deficiencies; (iv) does not improperly grant preferential treatment to the Named Plaintiffs or segments of the Settlement Class; (v) falls within the range of possible approval; and (vi) is not a prohibited transaction under ERISA or is otherwise exempt from ERISA's prohibited transaction provisions pursuant to applicable law or rules.

**Findings Regarding the Plan of Allocation**

15. Under the proposed Plan of Allocation, the Net Settlement Amount will be distributed among the Settlement Class members in accordance with their alleged losses. Each Settlement Class member's Net Loss will be the total of the member's units of Wachovia common stock Net Loss, which will be, for each Settlement Class member the result obtained by: (i) taking the dollar amount of the Settlement Class member's Plan account invested in units of Wachovia common stock at the beginning of the Class Period; (ii) adding the dollar amount added to the Settlement Class member's Plan account invested in units of Wachovia Common Stock during the Class Period; (iii) subtracting the dollar

12

amount credited to the Settlement Class member's Plan account resulting from any and all dispositions (e.g., sales, withdrawals, loans, etc.) of units of Wachovia common stock during the Class Period; and (iv) subtracting the dollar amount of the Settlement Class member's Plan account balance in units of Wachovia common stock on December 31, 2008.

16. The Net Losses of the Settlement Class members will be added. Each Settlement Class member will be assigned a Net Loss Percentage, reflecting the percentage of the Settlement Class member's loss in relation to the losses incurred by all Settlement Class members. Each Settlement Class member's share of the Class Settlement Amount will be equal to the Class Settlement Amount multiplied by the Settlement Class member's Net Loss Percentage. This calculation will be called for each Settlement Class member the "Preliminary Dollar Recovery."

17. Defendants will identify all Settlement Class members whose Preliminary Dollar Recovery is less than $25. These Settlement Class members will not receive money from the Class Settlement Amount, and the recovery otherwise allocable to them will be reallocated among the other Settlement Class members.

13

18. For Settlement Class members who had an account in both the Wachovia Savings Plan and the A.G. Edwards, Inc. Retirement and Profit Sharing Plan, during the Class Period, a "Preliminary Dollar Recovery" will be calculated for each Plan, and the Preliminary Dollar Recovery in each Plan shall not be combined for purposes of determining whether the $25 threshold has been met.

19. Each Settlement Class member may preserve the tax status of the retirement funds at issue. Settlement Class members who are current Plan participants will receive their distributions in their Plan accounts. For former members of the WSP, the Allocation Administrator shall invest Former Members' Final Dollar Recovery in the Wells Fargo & Co. Stable Value Fund unless, at the time the allocation is made, a money market fund is available for investment in the Wells Fargo & Company 401(k) Plan, in which case the Allocation Administrator shall invest such Former Member's Final Dollar Recovery in the money market fund. For former members of the AGE Plan, the Allocation Administrator shall invest the Former Members' Final Dollar Recovery in the Vanguard PRIME Money Market Fund unless the AGE Plan has merged into the Wells Fargo & Company 401(k) Plan by such date, in which case, the

14

Allocation Administrator shall invest such Former Member's Final Dollar Recovery in the same manner as described above for Settlement Class members in the WSP. The deposited amount, plus interest, shall then be distributed to each Former Member as a qualified distribution from the Plan pursuant to ERISA and the Internal Revenue Code.

20. Based on the foregoing, the Court finds that the Plan of Allocation is fair, reasonable and adequate.

**Findings Regarding Specific Provisions of the Settlement Agreement**

21. Pursuant to Section 4.1.1 of the Settlement Agreement, the parties have agreed that the Named Plaintiffs on behalf of themselves and on behalf of the Settlement Class will absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that Plaintiffs or the Settlement Class directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have.

22. Pursuant to Section 4.1.2 of the Settlement Agreement, the parties have agreed that the Independent Fiduciary's approval of the Settlement shall constitute a release of any Released Claims the Plans may have against the Releasees.

15

23. Pursuant to Section 4.1.3 of the Settlement Agreement, the parties have agreed that, upon the Effective Date of Settlement, the Defendants shall absolutely and unconditionally release and forever discharge Named Plaintiffs, the Settlement Class and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

24. The Court finds that it is the specific intent of the parties to limit the manner in which the Settlement Agreement may be used in other actions or proceedings.  As set forth in Section 7 of the Settlement Agreement, the Parties have agreed not to offer the Settlement Agreement or its terms in any action or proceeding for any purpose, except: (a) in an action or proceeding arising under the Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order; (b) in any action or proceeding where the releases provided pursuant to the Settlement Agreement may serve as a bar to a claim or a claim for recovery; or (c) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the settlement and defense of the Action.  Nothing in this Final Order is intended to thwart or undo the parties' agreement in this regard.

16

25.     The Court further finds that it is the intent of the parties that neither their Settlement Agreement nor their consent to entry of this Final Order should be construed as an admission, concession, or declaration by or against Releasees of any fault, wrongdoing, breach or liability.  As set forth in Section 7 of the Settlement Agreement, the Plaintiffs and members of the Settlement Class have agreed not to use either the Settlement Agreement or the Releasees' consent to entry of this Final Order as an admission, concession, or declaration by or against Releasees of any fault, wrongdoing, breach or liability.

## CONCLUSIONS OF LAW

**Conclusions Regarding Jurisdiction**

1.     This Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all members of the Settlement Class.

**Conclusions Regarding Notice**

2.     The Class Notice and the Internet/Publication Notice fully informed Settlement Class members of their rights with respect to the Settlement, including the right to object to the Settlement, Class Counsel's application for an award of attorneys' fees, reimbursement of expenses,

17

and for the payment of Case Contribution Awards to Named Plaintiffs, all from the Qualified Settlement Fund.

3.     The Class Notice and Internet/Publication Notice collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

4.     Defendants have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**Conclusions Regarding Certification**

5.     The proposed Settlement Class should be certified for settlement purposes only under Federal Rule of Civil Procedure 23(b)(1).[5]

**Conclusions Regarding The Settlement**

6.     "[T]he primary objective of requiring the court's final approval of a proposed settlement in a class action suit is to protect class members

---

[5]The Parties stipulated to certification of this case as a class action for settlement purposes pursuant to Rule 23(b)(1) and/or (b)(2) of the Federal Rules of Civil Procedure.  In light of the recent Supreme Court decision, Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), and in order to simply the analysis, the Plaintiffs now seek certification under Rule 23(b)(1) only.  [See Doc. 263-1 at 28-29].

18

'whose rights may not have been given adequate consideration during the settlement negotiations,' and ultimately to determine whether the settlement is fair, reasonable and adequate." Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 855 F.Supp. 825, 828 (E.D.N.C. 1994) (quoting In re Jiffy Lube Sec. Litig., 927 F.2d 155, 158 (4th Cir. 1991)).

7. In assessing the "fairness" of a proposed settlement, the Court should consider: (a) the posture of the case at the time the settlement was reached, (b) the extent of the discovery conducted by the parties, (c) the circumstances surrounding the settlement negotiations, and (d) counsel's experience in the area of class action litigation. Jiffy Lube, 927 F.2d at 159.

8. In determining the adequacy of a proposed settlement, the Court should consider: (a) the relative strength of the merits of Plaintiffs' case; (b) the existence of any strong defenses or difficulties of proof the Plaintiffs would have to face at trial; (c) the expected duration and cost of additional litigation; (d) the Defendants' solvency and the likelihood of Plaintiffs' recovery on a judgment; and (e) the degree of the Class Members' opposition to the Settlement. See id.

9.    After consideration of the relevant <u>Jiffy Lube</u> factors, the Court concludes that the Class Action Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) fair, reasonable, and adequate; (c) having no obvious deficiencies; (d) not improperly granting preferential treatment to the Named Plaintiffs or segments of the Settlement Class; (e) falling within the range of possible approval; and (f) not being a prohibited transaction under ERISA or being otherwise exempt from ERISA's prohibited transaction provisions pursuant to applicable law or rules.

10.   The Objections filed by Class Members Jorge H. Miyares, Jr. [Doc. 159], Harvey E. Baker [Doc. 160], Lorraine Zbuchalski [Doc. 161], and John H. Loughridge, Jr. [Docs. 167, 171] are not well-taken and are hereby overruled.

**Conclusions Regarding the Plan of Allocation**

11.   The same standards that govern the review of a class action settlement govern the assessment of a proposed plan for distribution of settlement proceeds. Accordingly, the Court must determine whether the proposed plan of allocation is fair, reasonable and adequate. <u>In re MicroStrategy, Inc. Sec. Litig.</u>, 148 F.Supp.2d 654, 668 (E.D. Va. 2001).

20

12.  Based on the findings of fact set forth above, the Court concludes that the Plan of Allocation should be approved as fair, reasonable and adequate.

**Conclusions Regarding Specific Provisions of the Settlement Agreement**

13.  The Named Plaintiffs, by their execution of the Settlement Agreement and pursuant to Section 4.1.1 thereof, have for themselves and on behalf of the Settlement Class agreed to absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that Plaintiffs or the Settlement Class directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have, and their actions are sufficient to effectuate such release and discharge.

14.  Having received the approval of the Independent Fiduciary, the Plans, by their execution of the Settlement Agreement and pursuant to Section 4.1.2 thereof, have agreed to release any Released Claims the Plans may have against the Releasees, and the Plans' actions are sufficient to effectuate such release.

15.  The Defendants, by their execution of the Settlement Agreement and pursuant to Section 4.1.3 thereof, have agreed to, upon the Effective

21

Date of Settlement, absolutely and unconditionally release and forever discharge Named Plaintiffs, the Settlement Class and Class Counsel from any and all claims relating to the institution or prosecution of the Action, and their actions are sufficient to effectuate such release and discharge.

## O R D E R

Based on the foregoing findings of fact and conclusions of law, **IT IS, THEREFORE, ORDERED** as follows:

1. The Plaintiffs' Motion for Settlement Class Certification [Doc. 163] is **GRANTED**, and the Court hereby certifies the following class (the "Settlement Class") for settlement purposes only under Federal Rule of Civil Procedure 23(b)(1):

> All persons other than Defendants who were participants in or beneficiaries of the Wachovia Savings Plan at any time between May 8, 2006 and December 31, 2008 and whose Plan account included units of investment in Wachovia Corporation common stock and/or participants in or beneficiaries of the A.G. Edwards, Inc. Retirement and Profit Sharing Plan at any time between October 1, 2007 and December 31, 2008 and whose Plan account included units of investment in Wachovia Corporation common stock.

22

2.  The Plaintiffs' Motion for Final Approval of the ERISA Class Action Settlement [Doc. 163] is **GRANTED**, the Class Members' Objections [Docs. 159, 160, 161, 167, 171] are **OVERRULED**, and the Class Action Settlement is **APPROVED** in all respects.

3.  The Plaintiffs' Motion for Approval of the Plan of Allocation [Doc. 163] is **GRANTED**, and the Plan of Allocation is **APPROVED**. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Order and shall be considered separate from this Order.

4.  This Action and all claims asserted in it, as well as all of the Released Claims, are **DISMISSED WITH PREJUDICE** as to the Named Plaintiffs, the Settlement Class members, and the Plans, and as against the Releasees. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

5.  A Judgment consistent with this Order and approving the Settlement of this Action shall be entered simultaneously herewith.

Signed: October 24, 2011

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge

23